# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **VERA J. HILL and** | ) |
| **MICHAEL HILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **CV No.** |
| **WELLS FARGO BANK, N.A.,** | ) |
| **WELLS FARGO FINANCIAL** | ) |
| **ALABAMA, INC., WELLS FARGO** | ) |
| **HOME MORTGAGE,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Wells Fargo Bank, N.A., ("Wells Fargo") gives notice of the removal of the proceeding entitled *Vera J. Hill, et al, v. Wells Fargo Bank, N.A., et al.*, designated CV-2016-903055, pending in the Circuit Court of Jefferson County, Birmingham Division, to the United States District Court for the Northern District of Alabama, Southern Division[1] and respectfully shows unto the Court as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

**A.    The Complaint.** On or about August 19, 2016, Plaintiffs Vera J. Hill and Michael Hill (collectively, the "Hills") filed a Complaint in the Circuit Court

---

[1] Wells Fargo specifically reserves any and all applicable defenses pursuant to *Federal Rule of Civil Procedure* 12.

of Jefferson County, Birmingham Division, that asserted claims under the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Fair Credit Reporting Act ("FCRA"), and Fair Debt Collection Practices Act ("FDCPA") against Wells Fargo, as well as a variety of other common law claims arising out of the servicing of a loan and the scheduled foreclosure sale of real property located in Jefferson County. The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto within **Exhibit A**.[2]

   **B.** **All Defendants Join.** Wells Fargo is the only named Defendant. Wells Fargo Financial Alabama and Wells Fargo Home Mortgage, while named Defendants within the Complaint, are divisions of Wells Fargo Bank, N.A. and lack the legal capacity to be sued. Thus, in accordance with federal law, all named and properly served Defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL

   **A.** **Removal is proper under 28 U.S.C. § 1331.** In their Complaint, the Hills asserted claims under four federal statutes that were clearly disclosed within the face of the Complaint. The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the

---

[2] **Exhibit A** contains all pleadings filed in the Circuit Court.

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court is provided with subject matter jurisdiction over cases which arise under federal law. *See* 28 U.S.C. § 1331. Accordingly, "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v.Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id*. at 822 (*citing Gully v. First National Bank*, 299 U.S. 109, 113 (1936)).

The FDCPA provides that "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy. . . ." 15 U.S.C. § 1692(k)(d). TILA has a similar provision within Section 1640. See 15 U.S.C. § 1640(e). The FCRA has a jurisdictional provision in Section 1681(p), and RESPA in 12 U.S.C.A. § 2614. Thus, by specifically pleading multiple claims which arise under federal statutes that specifically provide jurisdiction to United States District Courts within their Complaint, the Hills have clearly disclosed the federal questions at issue in this action and this Court is vested with jurisdiction under § 1331.

B. **Removal is Proper Because Diversity Jurisdiction Exists**

1. **Citizenship:** The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court is provided with original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, and the matter is between citizens of different states. *See* 28 U.S.C. § 1332(a). The Hills are residents of the state of Alabama. (*See* Complaint, at ¶ 2). Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota. Therefore, it is a citizen of South Dakota. As previously noted, Wells Fargo Financial Alabama and Wells Fargo Home Mortgage are divisions of Wells Fargo Bank, N.A. Accordingly, this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332, as no named Defendant is a citizen of the state of Alabama. *See* 28 U.S.C. §§ 1332, 1441 (a), (b).

2. **<u>Amount in Controversy</u>:**

It is not facially apparent from the Hills' Complaint that the amount in controversy exceeds $75,000.00, as the Complaint contains an unspecified demand for damages. (*See generally*, Complaint.) "It is well-established that, 'in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.'" *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007)). The preponderance of the evidence standard requires a removing defendant to "establish the amount in controversy by [t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Moreover, "[i]f the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). *See also Roe v. Michelin North America, Inc.*, 613 F.3d 1316, 1319 (11th Cir. 2010) (further

citations omitted) (holding that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.").

When a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the *Pretka* decision is controlling and there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id*. A complaint removed under the second paragraph of section 1446(b) (within thirty days of receipt of "other paper"), however, is subject to the *Lowery* decision, which holds that a defendant can only rely upon evidence "received from the plaintiffs" to meet its burden of proof. *Id*. at 756 (citing *Lowery*, 483 F.3d at 1221). Whether a removal is controlled by *Lowery* or *Pretka,* a removing defendant may include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 754.

In determining the amount in controversy, each category of damages

claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Property and Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010 (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well."); *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("[T]he question remains whether it is apparent to a legal certainty from the complaint that [plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [amount-in-controversy].") Moreover, *Alabama Code* section 8-19-10(a)(3) (1975) provides for a "reasonable attorney's fee" in the case of a winning Plaintiff. Generally, such attorneys' fees will be awarded for all work done on the case, as long as each claim is based on the same nucleus of operative fact. *Lowery v. Thomas*, 575 So. 2d 1030, 1032 (Ala. 1990).

Based on the allegations in the Complaint, the amount in controversy in this action exceeds $75,000.00. The Hills assert that the acceleration of the loan was improper, and that Wells Fargo does not have the authority to complete the

foreclosure sale of the property, and a requested a declaration Wells Fargo does not have the authority to complete the foreclosure sale as well as an Order prohibiting Wells Fargo from doing so. (Compl. ¶¶ 13, 16, 117.) The Hills further claim that the amount of equity that they possess in the property is at issue. (Compl. ¶ 36.)

The original principal balance of the loan was $106,064.83.[3] When the loan matured in April 2016, the amount necessary to satisfy the Loan totaled $92,156.28.[4] *See* Ex. C. The Hills seek relief from the Court via a declaration that the acceleration was improper, and that Wells Fargo is not "authorized" or do not have "standing" to complete the foreclosure of the property. Thus, the total remaining amount of the loan is at issue, and the jurisdictional amount satisfied. *See* Ex. C; *see also Bourgeois v. Wells Fargo Bank, N.A.*, No. 10–00626–KD–N, 2011 WL 836677, *6 (S.D. Ala. Feb. 16,2011) (denying remand, finding jurisdictional amount satisfied where plaintiff sought a declaration from the court that she had complied with the mortgage and that defendants have no authority to accelerate her debt and foreclose the property, which would "necessarily entail a declaration concerning the validity of the entire accelerated debt.")

Accordingly, even without considering an award of damages and reasonable attorneys' fees, Wells Fargo has established that the amount in controversy is in excess of the $75,000.00 necessary for removal under this Court's diversity

---

[3] Copies of the note and security agreement and mortgage are attached hereto as **Exhibit B**.
[4] A copy of maturity notice dated April 6, 2016 is attached hereto as **Exhibit C**.

jurisdiction.

**C.     Removal is Procedurally Proper.** Since this matter involves a claim arising under federal laws, the United States District Court for the Northern District of Alabama, Southern Division, has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Wells Fargo has established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

### III.    THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

**A.     Venue is Proper.** In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Southern Division, because, according to Complaint, a substantial portion of the events giving rise to the Hill's claims occurred in Jefferson County, Alabama, and the property subject of this suit is situated in Jefferson County. Pursuant to 28 U.S.C. § 1441(a) and (b), this case may be removed to the United States District Court for the Northern District of Alabama, Southern Division.

**B.     Removal is Timely.** Wells Fargo was served with the Complaint on August 29, 2016. Thus, thirty (30) days have not expired since Wells Fargo received notice of the pleading vesting this Court with jurisdiction, making removal proper in accordance with 28 U.S.C. § 1446(b)(3). In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as Exhibit A.

  **C.** **The Circuit Court has been Notified**. Wells Fargo has notified the Circuit Court for Jefferson County, Alabama of this removal pursuant to § 1446(d). A copy of the Notice provided to the Circuit Court is attached as **Exhibit D**.

**IV.** **CONCLUSION AND REQUESTED RELIEF**

  For the reasons described above, Wells Fargo respectfully requests this Court to proceed with this matter as if it had been originally filed herein and that this Court grant Wells Fargo such other relief to which it is justly entitled.

  Respectfully submitted on this the 26th day of September, 2016.

/s/ Catherine C. Long
CATHERINE C. LONG

An Attorney for Defendant Wells Fargo Bank, N.A.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
clong@bakerdonelson.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 26, 2016, the foregoing has been served upon the following counsel of record via US First Class Mail, postage prepaid and properly addressed and/or electronic mail as follows:

Kenneth J. Lay
HOOD & LAY
1117 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 323-4123
Fax:(205) 776-2040

_____
OF COUNSEL